HOWELL, J., recused.

---

### J. B. OLIVIER v. WILLIAM RANDOLPH.

The verdict of a jury, and consequent judgment thereupon, will not be disturbed, except for solid reasons.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *Durant & Hornor* for defendant and appellant.

*Lavergne for plaintiff.*—It is a well settled principle that the occupancy of property, without the consent of the owner, entitles the latter to the estimated rents of the property, as damages for the tresspass or illegal detention. 11 Rob. 280, *Fisk* v. *Moores.*

Defendant has urged as one of his grounds of defense that he has the right to use the plaintiff's batture, which is dedicated by law for public use.

The defendant, singularly enough, confounds his own private use with public use. The dedication is to the public, and not to Mr. Randolph. The court is referred to the case of *Heirs of Duvergé* v. *Salter and Marcy,* where the proprietors of a dry dock, in the same locality, attempted to enforce the same pretentions as the defendant has raised in this case. The court held: "Our laws secure the public use of the banks of navigable rivers, and within the incorporated limits of towns, the municipal government is authorized to regulate that use; but their regulations must

be in furtherance of the public use to which the banks are subjected, and cannot be taken advantage of for the purpose of forever enjoying the property of the riparian proprietor, which is not necessary for public use. The public have the right to use the banks of navigable rivers, but this right does not authorize the permanent location of a dry dock in front of a land owned by another person. 6 A. 450. Art. 489, C. C.

HYMAN, C. J. Plaintiff sued defendant for the lease of a lot of ground in Algiers, fronting on the Mississippi River. He alleged that, on the 3d November, 1860, defendant owed *him* $524 98 for the lease of this lot; that, by agreement, the lease was to terminate on 1st January, 1859; that the rent was $41 66 a month, he reserving to himself and family the right of crossing the river in the ferry boat, of which defendant was proprietor, as long as the lease lasted; and that by defendant's continued use of the lot from the 1st January, 1859, the date of the termination of the lease under the contract, defendant owed him the sum claimed.

He prayed for judgment not only for the sum alleged to be due, but also judgment of $50 a month for every succeeding month defendant retained the lot.

Defendant, in answer, denied all the allegations of plaintiff; alleged that he was proprietor of a ferry from the Third District of New Orleans to the foot of Olivier street, on the opposite side of the river (the street below and adjoining plaintiff's lot); that the Police Jury, on the right bank of the river, had assigned that part of the street fronting on the river as a ferry landing, and that the ferry landing was public property. He asked judgment against the plaintiff for $450 on his claim in reconvention, for ferriage of plaintiff and his family from the 1st January, 1859.

The Judge of the lower Court, on 21st May, 1860, rendered judgment in conformity with the verdict of the jury, decreeing defendant to pay plaintiff five hundred dollars per annum, *as rent,* from 1st January, 1859, to the date of the judgment, with legal interest from that date; also decreeing the rejection of the reconventional demand of defendant.

Defendant has appealed.

The real questions in this case (however much defendant may have attempted to change them by averments) are, whether there was a contract of lease, and whether, after its termination, it was prolonged by defendant's continuing in possession.

After a careful examination of the evidence, we see no reason to reverse the judgment.

The judgment is affirmed, with costs.

JONES, J., absent.